UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. CHARLES-GUILLOT INVESTMENT, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO: 23-30 |
| ONE SOURCE ROOFING, INC. ET AL. | SECTION "H" |

ORDER AND REASONS

Before the Court is Defendant GAF Materials, LLC's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 5). For the following reasons, the Motion is **GRANTED**.

BACKGROUND

This case arises out of property damage caused by an allegedly defective roof. Plaintiff St. Charles-Guillot Investment, LLC ("St. Charles-Guillot Investment") owns commercial property ("the Property") in Luling, Louisiana. Plaintiff Luling Living Center, LLC operates a nursing home on the Property. Plaintiffs allege that they contracted with Defendant One Source Roofing, Inc. ("One Source Roofing") to install a mechanically fastened TPO roof system manufactured by Defendant GAF Materials, LLC ("GAF").[1] Plaintiffs allege there were various defects in both the construction and installation of the roof.

---

[1] Plaintiffs also allege that Defendant Jasper Contractors, Inc., ("Jasper Contractors") owns One Source Roofing and that Jasper Contractors' agents or employees participated in the installation of the roof.

1

During Hurricane Ida, the alleged defects in the roof caused it to detach from the building, resulting in substantial damage to the Property.

As a result, Plaintiffs sued One Source Roofing for breach of contract and negligence, Jasper Contractors for negligence, and GAF for products liability and negligence in Louisiana state court. Defendants removed the action to this Court on January 4, 2023.

Now before the Court is GAF's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). GAF argues that Plaintiffs cannot bring an independent negligence claim and fail to state a claim under the Louisiana Products Liability Act ("LPLA"). Plaintiffs oppose.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The Court need not, however, accept as true legal conclusions couched as factual allegations.[5]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'"

---

[2] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[3] *Id.*
[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[5] *Iqbal*, 556 U.S. at 667.
[6] *Id.*

will not suffice.[7] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[8]

## LAW AND ANALYSIS

GAF argues that Plaintiffs fail to identify any unreasonably dangerous characteristic of the roof to plausibly state a claim under the LPLA. GAF also states that Plaintiffs' sole remedy for the allegedly defective roof is under the LPLA, and thus, the negligence claims against it are barred. The Court must apply Louisiana law and will address each claim individually.[9]

### I. *Louisiana Products Liability Act Claim*

"To maintain a successful products liability action under the LPLA, a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else."[10] Defendant argues that Plaintiffs do not allege an unreasonably dangerous characteristic of its roofing materials. Under the LPLA,

> [a] product is unreasonably dangerous if and only if: (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55; (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56; (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or (4) The product is unreasonably

---

[7] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[8] *Lormand*, 565 F.3d at 255–57.
[9] Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).
[10] Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 260–61 (5th Cir. 2002).

3

dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.[11]

There are no allegations of a design defect, a construction or composition issue, or a breach of express warranty claim. Plaintiffs attempt to allege that the roofing materials "were unreasonably dangerous because GAF failed to warn of the defects in the installation."[12] Under the LPLA, "[a] product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product."[13] The materials left GAF's control when they delivered the roofing materials to the installer, One Source Roofing, and Plaintiffs do not allege any unreasonably dangerous characteristic that was present in the roofing materials themselves before they delivered the materials. While a manufacturer who "constructed or assembled the final defective product" may be liable under the LPLA, GAF did not perform the installation.[14]

Beyond the allegation that GAF failed to warn of the defective installation, Plaintiffs do not identify any defect within the roofing materials themselves. The Complaint only vaguely refers to the "characteristic of the

---

[11] LA. REV. STAT. § 9:2800.54.
[12] Doc. 1-1 at 5.
[13] LA. REV. STAT. § 9:2800.57.
[14] *In re* FEMA Trailer Formaldehyde Prod. Liab. Litig., No. MDL 07-1873, 2009 WL 1683289, at *7 (E.D. La. June 15, 2009) (noting that a defendant who converted, transformed, assembled, or constructed a final defective product could possibly be held liable as a manufacturer under the LPLA); Coulon v. Wal-Mart Stores, Inc., 734 So. 2d 916 (La. App. 1 Cir. 1999) (holding Wal-Mart liable under the LPLA as a manufacturer for any defects that are created in the assembly process where the defective product may have been assembled by either Wal-Mart or a contractor).

materials" that could cause damage and the "danger of that characteristic."[15] Plaintiffs must identify a characteristic that make the roofing products unreasonably dangerous to state a claim under the LPLA. The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim for relief.[16] This is precisely what Plaintiffs' Complaint does. For these reasons, Plaintiffs' LPLA claim is dismissed without prejudice.

## II. Negligence Claim

Plaintiffs also allege that GAF was negligent in failing to warn of known hazards with the installation of its roofing materials, failing to supervise One Source Roofing and Jasper Contractors, and other negligent acts to be proven at trial.[17] GAF moves to dismiss these claims, arguing that Plaintiffs' exclusive remedy for any damage caused by GAF's products is under the LPLA. Plaintiffs oppose, arguing that the negligence claims are not subsumed by the LPLA because GAF is vicariously liable for their involvement in the installation of the roof.

Louisiana Revised Statutes § 9:2800.52 provides that the LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products."[18] However, there is an exception to this general rule that states that a manufacturer can be held "vicariously liable for their employees' negligence."[19]

---

[15] Doc. 1-1 at 6.
[16] *Iqbal*, 556 U.S. at 678.
[17] Doc. 1-1 at 4.
[18] LA. REV. STAT. § 9:2800.52.
[19] McCleary v. Elekta, No. 19-52, 2019 WL 5295699, at *3–4 (W.D. La. Oct. 18, 2019); Lavergne v. Am.'s Pizza Co., LLC, No. 02-889, 838 So. 2d 845, 848 (La. App. 3d Cir. 2003) ("While the LPLA's exclusivity provision eliminates a general negligence cause of action for damages caused by a product, it does not eliminate the liability of a manufacturer for damages caused by the negligent use of its product by one of its employees.").

Plaintiffs repeatedly assert that GAF visited the property to supervise and inspect the installation of the roof, yet, they do not allege there was any contractual obligation to do so, or that there was any employment relationship between GAF and One Source Roofing. GAF cannot be held vicariously liable where there is no employment relationship.[20] Thus, the exception does not apply, and the LPLA is the exclusive remedy for any damage caused by GAF's products.

## CONCLUSION

For the foregoing reasons, GAF's Motion is **GRANTED**. Plaintiffs' claims against GAF are **DISMISSED WITHOUT PREJUDICE**. **IT IS ORDERED** that Plaintiffs may amend the Complaint within 20 days of this Order to correct the deficiencies identified within.

New Orleans, Louisiana this 16th day of March, 2023.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[20] Blanchard v. Ogima, 215 So. 2d 902, 907 (La. 1968) (stating that the ordinary line of inquiry to determine whether a party can be held vicariously liable begins with determining whether there was an employment relationship).