UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. CHARLES-GUILLOT INVESTMENT, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO: 23-30 |
| ONE SOURCE ROOFING, INC. ET AL. | SECTION "H" |

## ORDER AND REASONS

Before the Court is Defendant GAF Materials, LLC's Motion to Dismiss the First Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 21). For the following reasons, the Motion is **DENIED.**

## BACKGROUND

This case arises out of property damage caused by an allegedly defective roof. Plaintiff St. Charles-Guillot Investment, LLC ("St. Charles-Guillot Investment") owns commercial property ("the Property") in Luling, Louisiana. Plaintiff Luling Living Center, LLC operates a nursing home on the Property. Plaintiffs allege that they contracted with Defendant One Source Roofing, Inc. ("One Source Roofing") to install a mechanically fastened TPO roof system manufactured by Defendant GAF Materials, LLC ("GAF").[1] Plaintiffs allege

---

[1] Plaintiffs also allege that Defendant Jasper Contractors, Inc., ("Jasper Contractors") owns One Source Roofing and that Jasper Contractors' agents or employees participated in the installation of the roof. Doc. 19 at 3.

1

there were various defects in both the construction and installation of the roof.[2] During Hurricane Ida, the alleged defects in the roof caused it to detach from the building, resulting in substantial damage to the Property.

As a result, Plaintiffs sued One Source Roofing for breach of contract and negligence, Jasper Contractors for negligence, and GAF for products liability and negligence in Louisiana state court. Defendants removed the action to this Court on January 4, 2023. This Court granted GAF's first Motion to Dismiss, finding that Plaintiffs did not adequately plead their claims against GAF. Plaintiffs subsequently filed an Amended Complaint pursuant to the Court's Order and Reasons, clarifying that their claims against GAF are "non-LPLA vicarious liability claims."[3]

Now before the Court is GAF's Motion to Dismiss the Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). GAF argues that Plaintiffs fail to state a negligence claim. Plaintiffs oppose.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[4] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw

---

[2] Specifically, the Complaint states that the defect was an improperly attached drip edge and TPO membrane. *Id.* at 4.
[3] Doc. 22 at 1–2. The Court also ordered Plaintiffs to clarify the jurisdictional facts giving rise to subject matter jurisdiction. Doc. 26. The parties timely filed an amended notice addressing subject matter jurisdiction, and the Court may now conclusively determine that diversity jurisdiction is present in this case. Doc. 27.
[4] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[5] *Id.*

Case 2:23-cv-00030-JTM-MBN   Document 34   Filed 07/25/23   Page 3 of 6

all reasonable inferences in the plaintiff's favor."[6]  The Court need not, however, accept as true legal conclusions couched as factual allegations.[7]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[9] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[10]

## LAW AND ANALYSIS

GAF argues that Plaintiffs do not adequately plead a negligence claim. Plaintiffs respond that their Amended Complaint sufficiently asserts a non-LPLA vicarious liability claim.[11] Specifically, Plaintiffs allege that GAF was negligent in failing to warn of known hazards with the installation of its roofing materials and in failing to supervise One Source Roofing and Jasper Contractors installation of the roofing materials.[12] Plaintiffs also state that "GAF also knew that the plaintiffs were relying on the proper installation of the roof."[13]

GAF manufactured the roof. The LPLA generally "establishes the exclusive theories of liability for manufacturers for damage caused by their products."[14] However, there is a narrow exception to this general rule that

---

[6] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[7] *Iqbal*, 556 U.S. at 667.
[8] *Id.*
[9] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[10] *Lormand*, 565 F.3d at 255–57.
[11] As subject matter jurisdiction is based on diversity, the Court must apply Louisiana law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).
[12] Doc. 19 at 7.
[13] *Id.*
[14] LA. REV. STAT. § 9:2800.52.

3

states that a manufacturer can be held "vicariously liable for their employees' negligence."[15] When the damage is caused by "the negligent use of the manufacturer's product," rather than the product itself, a plaintiff may bring a claim in negligence against a manufacturer.[16] Plaintiffs argue that since they are not alleging a defect in the roof itself, their allegations fall under this exception and are not barred by the LPLA.[17]

"In Louisiana, the general rule provides that liability must always be predicated on fault, whether in contracts or torts."[18] In negligence cases, Louisiana uses a duty-risk analysis to determine whether to impose liability under Civil Code article 2315.[19] This four step inquiry asks "(1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff . . . (2) Did the defendant(s) owe a duty to the plaintiff? (3) Was the duty breached? (4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?"[20]

"A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty."[21] Whether the defendant owed a duty is a question

---

[15] McCleary v. Elekta, No. 19-52, 2019 WL 5295699, at *3–4 (W.D. La. Oct. 18, 2019); Lavergne v. Am.'s Pizza Co., LLC, No. 02-889, 838 So. 2d 845, 848 (La. App. 3d Cir. 2003) ("While the LPLA's exclusivity provision eliminates a general negligence cause of action for damages caused by a product, it does not eliminate the liability of a manufacturer for damages caused by the negligent use of its product by one of its employees.").

[16] McKinney v. Superior Van & Mobility, LLC, No. CV 20-1169, 2021 WL 1238906, at *4 (E.D. La. Apr. 2, 2021) ("in such cases, the plaintiffs allege their damage was caused not 'by a product,' but instead by 'the negligent use of [the manufacturer's] product by one of its employees'").

[17] Doc. 22. Plaintiffs' opposition to this Motion states that the Amended Complaint "makes clear that the basis for GAF's liability is not an inherent defect in GAF's roofing products. Rather it was GAF's decision to directly involve itself in the post-manufacture installation of its product and its negligence in connection with that installation.

[18] Andre Mayer Stolier, *Finding the Fault Lines: An Epistemological Inquiry of the True Meaning of Civil Law "Fault,"* 67 LOYOLA L. REV. 255, 256 n.3 (2020).

[19] Rando v. Anco Insulations Inc., 16 So. 3d 1065, 1085–86 (La. 2009).

[20] *Id.* at 1086.

[21] *Id.*

4

of law.[22] Plaintiff relies upon *Duplantis v. Miller* for the proposition that a manufacturer can be liable for "its employees' negligence in the context of a roof installation."[23] *Duplantis* involved a similar situation wherein a plaintiff sued a roof manufacturer for failure to offer guidance or assistance in the installation of the roof. The roof manufacturer in *Duplantis* had an advertisement on its website which stated that "[y]ou can depend on [the manufacturer] to provide assistance with the installation of your metal roof," and that after choosing it as a supplier, professionals would measure the roof and refer a trained contractor to install the roof.[24] The roof was installed defectively, and the plaintiff sued both the installer and the manufacturer. The trial court denied the manufacturer's exception of no cause of action, holding that the manufacturer of the roof became involved when it came out to the property to measure the house, and that the manufacturer's advertisement providing that it would assist in the installation of the roof applied and precluded dismissal of the plaintiff's claim. The court denied the exception because it did not know the extent of the roof manufacturer's involvement in the installation.[25] The trial court later granted summary judgment in favor of the roof manufacturer, holding that "because no contractual relationship existed between it and the plaintiffs . . . it owed no performance obligation."[26] Plaintiffs rely on this case, arguing that they provided more evidence GAF assisted in the installation than the roof manufacturer in *Duplantis*.

The *Duplantis* case is instructive. The Court agrees that Plaintiff failed to allege a contractual relationship between itself and GAF. While correct, this

---

[22] Triche v. McDonalds Corp., 164 So. 3d 253, 258 (La. App. 5 Cir. 2014).
[23] Doc. 22 at 7.
[24] Duplantis v. Miller, 159 So. 3d 1153, 1155 (La. App. 3 Cir. 2015).
[25] *Id.* at 1155–56.
[26] *Id.* at 1158.

5

is not dispositive. "There is an almost universal duty on the part of the defendant in a negligence action to use reasonable care to avoid injury to another."[27] Plaintiff's Amended Complaint states that by sending its employees to the Property to "warn plaintiff of any defects in the installation," and "ensure the roof was installed in a good and workmanlike manner," GAF assumed a duty to Plaintiff, which it breached when it failed to note the deficient installation.[28] Like the court in *Duplantis,* the Court finds that, on this record and taking all Plaintiff's allegations as true, it is unable to ascertain the extent of GAF's involvement in the installation of the roof.[29] Drawing all reasonable inferences in Plaintiff's favor, it is plausible that GAF assumed a duty and became involved in the project when it visited the property to monitor the installation. As such, the Court denies GAF's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, GAF's Motion (Doc. 21) is **DENIED**.

New Orleans, Louisiana this 25th day of July, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[27] *Rando*, 16 So. 3d at 1086.
[28] Doc. 19 at 7.
[29] *See also* Lemann v. Essen Lane Daiquiris, Inc., 923 So. 2d 627, 633 (La. 2006) ("In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented.").