UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ST. CHARLES-GUILLOT INVESTMENT, LLC, ET AL. | * | CIVIL ACTION NO. 2:23-CV-00030 |
| | * | |
| | * | SECTION: "O"(3) |
| VERSUS | * | |
| | * | JUDGE BRANDON S. LONG |
| ONE SOURCE ROOFING, INC., ET AL. | * | |
| | * | MAGISTRATE JUDGE |
| | * | EVA J. DOSSIER |
| *********************************** | * | |

# ORDER AND REASONS

Third-Party Plaintiffs, One Source Roofing, Inc.; Jasper Contractors, Inc.; and Roofclaim.com, LLC, filed a Motion for Leave to File Amended Third-Party Complaint ("Plaintiffs").[1] Third-Party Defendant, Blue Star Roofing, Inc. ("Defendant"), filed an opposition,[2] and Plaintiffs did not file a reply. Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion.

## I. Background

On October 10, 2023, the Court entered a Scheduling Order setting a November 10, 2023 deadline for amendments to the pleadings and third-party actions.[3] On November 10, 2023, Plaintiffs filed a motion for leave to file a third-party

---

[1] Rec. Doc. 74. Their initial filing was deemed deficient because it did not include a memorandum. Plaintiffs timely filed a revised version, which is Rec. Doc. 85.

[2] Rec. Doc. 84.

[3] Rec. Doc. 39.

1

complaint against Blue Star Roofing, Inc.[4] On November 21, 2023, the Court granted the motion.[5]

Defendant secured an extension through February 5, 2024, to respond.[6] On February 5, 2024, Defendant filed a Motion for More Definite Statement seeking to compel Plaintiffs "to provide a more definite statement of their claims and to disclose the relationships and timing of ownership events, contracts, indemnity agreements and other similar agreements[.]"[7] Plaintiffs did not respond, and the Court entered an Order[8] on March 18, 2024, granting that motion as unopposed. Under Rule 12(e) of the Federal Rules of Civil Procedure, Plaintiffs had "within 14 days after notice of the order or within the time the court sets"[9] to provide the more definite statement. They did not submit their more definite statement within 14 days.

On April 8, 2024, Defendant moved to Dismiss/Strike Third Party Complaint for Failure to Comply with Court's Order.[10] The next day, Plaintiffs filed a Motion for Leave to File Amended Third-Party Complaint to provide their more definite

---

[4] Rec. Doc. 45. Their initial filing was deemed deficient because it did not include a memorandum. Plaintiffs timely filed a revised version, which is Rec. Doc. 46.

[5] Rec. Doc. 47.

[6] Rec. Doc. 58.

[7] Rec. Doc. 62-2 at 6.

[8] Rec. Doc. 72.

[9] Defendant erroneously states that the deadline was 10 days. Rec. Doc. 78-1 at 3.
[10] Rec. Doc 73. Defendant's initial filing was deficient. It timely filed a revised version, which is Rec. Doc. 78. Dismiss/Strike Third-Party Complaint for Failure to Comply with Court's Order, which is mentioned here only for context.

statement.[11] The proposed Amended Third-Party Complaint adds one paragraph regarding the officers of Defendant Blue Star Roofing, Inc.

## II. Applicable Law

Under Rule 15(a), a party may amend its pleading once as a matter of course no later than 21 days after service of a motion for more definite statement under Rule 12(e). Fed. R. Civ. P. 15(a)(1)(B). If more than 21 days have passed after service of a 12(e) motion for more definite statement and no Scheduling Order has been entered, then the party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. Under Rule 12(e), "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."

When a party moves for leave to amend after the deadline set forth in a scheduling order, the request for leave to amend is governed by the more stringent good cause requirements of Rule 16(b). Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the

---

[11] Rec. Doc. 74. Their initial filing was deemed deficient, and they timely filed a revised version, which is Rec. Doc. 85.

3

extension.'" *S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003)(citation omitted).

The Fifth Circuit has established a four-part test governing the exercise of the trial court's discretion in determining whether a movant has established good cause. *Burkitt v. Flawless Records, Inc.*, CIV.A.03-2483, 2005 WL 1155774, at *1 (E.D. La. May 5, 2005). The trial court considers: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

When analyzing the prejudicial nature of a proposed amendment, the court must consider whether the proposed amendment "(1) was merely proposing alternative legal theories for recovery on the same underlying facts or (2) would fundamentally alter the nature of the case." *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). Amendments that fall into the first category generally should be permitted, "as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities." *Id.* Amendments that fall into the second category may be denied if warranted by the circumstances. *Id.*

Only after the party seeking to modify the scheduling order establishes "good cause" under Rule 16(b) will the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave to amend. *S&W Enterprises,* 315 F.3d at 536. The language of Rule 15(a) "evinces a bias in favor of granting leave to amend."

4

*Chitimacha Tribe of Louisiana v. Harry L.L. Co.,* 690 F.2d 1157, 1163 (5th Cir. 1982). The Fifth Circuit has instructed that the "district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

Although leave to amend is to be freely given under Rule 15(a), "that generous standard is tempered by the necessary power of a district court to manage a case." *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 177 (5th Cir. 2016) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). Factors relevant to the consideration of a motion for leave under Rule 15(a) include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Delay alone cannot support denial of leave to amend. *Mayeaux*, 376 F.3d at 427. "The delay must be *undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Id.* (emphasis in original).

### III. Analysis

The Defendant moved to compel Plaintiffs to provide a more definite statement. Then, after the more definite statement was filed, they moved to strike it as untimely. The undersigned need not address the issue of untimeliness, however, because the motion to amend should be granted even under the more stringent Rule

5

16(b) "good cause" standard. This determination is made without consideration of the motion to strike, on which the undersigned expresses no opinion.

The proposed Amended Third-Party Complaint[12] seeks to add one paragraph relating to the corporate officers of Defendant. The amendment does not add any claims or parties. The amendment relates to the same underlying facts alleged in the original Third-Party Complaint. The amendment would not fundamentally alter the nature of the case nor unduly burden Defendant. Indeed, it is Defendant who requested clarification in the first instance.

Defendant argues that the amended third-party complaint "lacks clear liability allegations" and the amendment would be futile because it fails to state a claim upon which relief can be granted.[13] These contentions, however, go to the merits. Defendant cites no caselaw to support its position, which has not been fully briefed by either side. Similarly, Defendant suggests that it is not subject to this Court's jurisdiction. But this issue also has not been briefed. In sum, the Court finds that Plaintiffs have shown good cause under Rule 16(b) and that there is no substantial reason to deny Plaintiffs' Motion for Leave to File Amended Third-Party Complaint.

Accordingly, for these reasons,

**IT IS ORDERED** that Plaintiffs One Source Roofing, Inc.; Jasper Contractors, Inc.; and Roofclaim.com, LLC's Motion for Leave to File Amended Third-Party

---

[12] Rec. Doc. 85-2.

[13] Rec. Doc. 84 at 3-4.

Complaint (Rec. Doc. 85) is **GRANTED**. Plaintiffs' proposed Amended Third-Party Complaint[14] shall be filed in the record.

New Orleans, Louisiana, this 9th day of May, 2024.

**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Rec. Doc. 85-2.