# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. CHARLES—GUILLOT INVESTMENT, LLC, ET AL. | CIVIL ACTION |
| | NO. 23-30 |
| VERSUS | |
| | DISTRICT JUDGE LONG |
| ONE SOURCE ROOFING, INC., ET AL. | MAGISTRATE JUDGE DOSSIER |

## ORDER AND REASONS

Third-party Defendant, Blue Star Roofing, Inc. ("Blue Star"), filed a Motion to Compel the Deposition of Brian Wedding and for Attorney's Fees and Costs (Doc. 132). Defendants and Third-Party Plaintiffs, One Source Roofing, Inc., Jasper Contractors, Inc., and Roofclaim.com, LLC (collectively, Third-Party Plaintiffs"), filed an opposition (Doc. 134). Blue Star filed no reply, and its motion was taken under advisement without oral argument on August 13, 2024. For the following reasons, the motion is denied.

According to Blue Star, Mr. Wedding "was the owner of One Source Roofing, Jasper, Inc, and Blue Star, serving as President of Blue Star Roofing, Inc. during the period relevant to the allegations in this case."[1] Blue Star seeks to depose Mr. Wedding relative to: (1) "the ownership of Blue Star," (2) its "corporate structure,"(3) its "contractual obligations and any subcontracts" relevant to this litigation, and (4)

---

[1] Doc. 132 at 1.

1

Blue Star's potential legal obligations, including for potential damages.[2] These subjects are textbook examples of topics for a Rule 30(b)(6) deposition.

Blue Star's motion fails to mention, however, that relevant Rule 30(b)(6) depositions already occurred. Third-Party Plaintiffs' exhibits show that the parties deposed Ashley Wedding, as a corporate representative of One Source Roofing[3] and Jasper Contractors, Inc.,[4] as well as in her personal capacity,[5] on May 29, 2024.[6] Blue Star does not object to the sufficiency of Ms. Wedding's testimony or related preparation under Rule 30(b)(6). Instead, its Motion to Compel ignores Ms. Wedding's testimony altogether. By contrast, Third-Party Plaintiffs' opposition explains how the existing deposition testimony addresses each of Blue Star's proposed topics.[7]

To be sure, the fact that a Rule 30(b)(6) deposition has occurred does not preclude additional discovery from corporate officers. The Committee Note to the 1970 amendment to Rule 30(b)(6) illustrates this point: "If the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them. On the other hand, a court's decision whether to issue a protective order may take account of the availability and use made of the procedures provided in this subdivision." *See* § 2103 Persons Subject to Examination—Corporations and Other Organizations, 8A Fed. Prac. & Proc. Civ.

---

[2] Doc. 132 at 2-3.
[3] Doc. 134-1.
[4] Doc. 134-2.
[5] Doc. 134-4.
[6] Doc. 134-1.
[7] *E.g.,* Doc. 134 at 2.

§ 2103 (3d ed.) (quoting 1970 Comm. Note). The fundamental problem with Blue Star's motion is that it does not specify what additional information could be obtained from Mr. Wedding that has not already been obtained through prior depositions.

Unless otherwise limited by court order, Rule 26(b)(1) defines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Under Rule 26(c)(1), courts may restrict discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Based on the showing made, Blue Star has not identified any additional information for which it needs to depose Mr. Wedding. And it has not identified any deficiency in the Rule 30(b)(6) depositions that would support allowing yet another deposition on presumably[8] similar topics.

Moreover, while Mr. Wedding reportedly executed certain contracts on behalf of Blue Star,[9] Blue Star has not alleged any dispute over the authenticity of his

---

[8] Because Blue Star's briefing does not address any prior discovery, including depositions, it is unclear whether the Rule 30(b)(6) notice(s) included topics such as, e.g., "the corporate structure of Blue Star." Doc. 132 at 3. To the extent that such topics were omitted, however, compelling Mr. Wedding to testify about them now would circumvent the orderly process set forth in the discovery rules and the principles underpinning those rules.

[9] Doc. 132 at 2.

3

signatures. And Blue Star has not otherwise explained the need for firsthand testimony as to the execution of these documents. Further, conclusory speculation that a witness's deposition "may reveal inconsistencies in the testimony of other witnesses or in the documentation provided" does not suffice to establish the discoverability of that testimony. If such speculation was sufficient, depositions would be endless. In short, on the showing made by both sides, the burden of conducting, in essence, a duplicative Rule 30(b)(6) deposition (even if noticed as a putative fact deposition) vastly outweighs the potential import, if any, of the seemingly duplicative testimony.

Finally, Blue Star cites only two cases in its motion and supporting memorandum. Neither case helps Blue Star's argument. First, Blue Star cites *In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 72 (2d Cir. 2003) (Sotomayor, J.), for the proposition that the Second Circuit "allowed the deposition of a high-level executive, emphasizing that such depositions should proceed if the executive possesses relevant knowledge."[10] But *Friedman* addressed an attempt to depose a corporation's lawyer, not a high-level executive.[11] And the Second Circuit ultimately did not "allow" the deposition, nor "emphasiz[e]" that it should proceed, nor even reach the issue because the lawyer agreed to the deposition such that "the appeal has

---

[10] Doc. 132-1, pp. 4-5.

[11] *In re Subpoena Issued to Dennis Friedman*, 350 F.3d at 66 ("Plaintiff-appellant appeals from an order of the United States District Court for the Southern District of New York (Pollack, J.) quashing its deposition subpoena of defendant-appellee Dennis Friedman, Esq. [], an attorney who previously served as counsel during merger negotiations to a now-bankrupt corporation of which the non-attorney defendants-appellees are former directors.").

4

become moot." *See id.* Second, *Blue Star* quotes *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958), for the proposition that discovery is intended to "'make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'"[12] Yet, as explained above, there is no indication that "basic issues and facts" have been withheld. Thus, the quotation is inapposite.

For these reasons,

**IT IS ORDERED** that the Motion to Compel (Doc. 132) is **DENIED**.

New Orleans, Louisiana, this 13th day of August, 2024.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

---

[12] Doc. 132-1 at 5.