UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. CHARLES–GUILLOT INVESTMENT, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-30 |
| ONE SOURCE ROOFING, INC., ET AL. | SECTION "O" |

### ORDER AND REASONS

Before the Court in this property-damage case is the motion[1] of Plaintiffs St. Charles–Guillot Investment, LLC and Luling Living Center, LLC (together, "Luling") to reconsider the order and reasons[2] granting Defendant GAF Materials, LLC's motion[3] for summary judgment dismissing Luling's negligence claim. *See St. Charles–Guillot Inv., LLC v. One Source Roofing, Inc.*, No. 23-CV-30, 2025 WL 71877, at *13 (E.D. La. Jan. 10, 2025). For the reasons that follow, the motion is **DENIED**.

### I.  BACKGROUND

The relevant facts are detailed in the order and reasons on summary judgment; the Court will not restate them here. *See id.* at *1–4. In short, Luling sued GAF for negligence after Hurricane Ida's winds pulled off a GAF-manufactured roof that former Defendant One Source Roofing, Inc. installed on a nursing home Luling owned and operated. *See id.* at *1. Luling alleged that GAF affirmatively undertook and breached a duty to inspect the roof and to warn Luling of defects in One Source's installation of it. *See id.* Luling's theory was that GAF affirmatively undertook that

---

[1] ECF No. 269.
[2] ECF No. 266.
[3] ECF No. 145.

inspection duty by sending a field-services representative to conduct a surface inspection of the nursing home's installed roof. *See id.* But the summary-judgment record reflected that this one-time surface inspection was conducted for GAF's benefit and for the limited purpose of deciding if GAF would issue a leak-proof guarantee for the roof. *See id.* After various preliminaries not relevant here, the Court granted summary judgment dismissing Luling's negligence claim because the Court held that Luling did not point to evidence creating a genuine dispute on the duty and breach elements of its negligence claim. *See id.* at *13. That ruling proceeded in two parts.

First, and principally, the Court held that GAF was entitled to summary judgment on the duty element. *See id.* at *5–11. The Court so held because the Court concluded that Luling did not point to summary-judgment evidence creating a genuine dispute on whether GAF affirmatively undertook a duty to conduct a reasonable post-installation inspection of the nursing home's roof, for Luling's benefit and beyond the mere surface inspection contemplated by GAF's guarantee. *See id.*

The Court's assumption-of-duty analysis was informed by the Court's appreciation of its proper role in this diversity case. *See, e.g., id.* at *1 ("This is a diversity case, and '[a]s an *Erie* court[,] . . . it is not [the Court's] job to lay down broad new rules of state law.'" (quoting *Harmon v. Grande Tire Co.*, 821 F.2d 252, 259 (5th Cir. 1987)); *id.* ("[T]he Court's 'role in the system' is 'simply to apply' Louisiana law 'as it currently exists.'" (quoting *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1217 (5th Cir. 1985)). Reluctant to "expand [Louisiana] law beyond its presently existing boundaries," *id.* at *5 (quoting *Keiland Constr. L.L.C. v. Weeks Marine, Inc.*, 109 F.4th

2

406, 418 (5th Cir. 2024) (internal quotation marks omitted)), and cognizant of its "duty . . . to apply existing [Louisiana] law, not to create it," *id.* (quoting *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 474 (5th Cir. 2015) (internal quotation marks omitted)), the Court observed that it "has not found, and the parties have not cited, any opinion from any court applying Louisiana law that supports imposing a duty on a roof manufacturer to reasonably inspect a contractor's installation of the manufacturer's products for the building owner's benefit," *id.* at *9. The Court ultimately observed that the apparent absence of Louisiana authority imposing a tort duty like the one Luling proposed supported the Court's conclusion that there was no genuine dispute that the duty element was not met. *See id.* at *9.

Second, and alternatively, the Court held that GAF was entitled to summary judgment on breach. *See id.* at *29–30. In so holding, the Court "assum[ed]—for argument's sake only—that GAF affirmatively undertook a duty to conduct a surface inspection of the roof for Luling's benefit . . . ." *Id.* at *12. The Court reasoned that Luling did not point to evidence creating a genuine dispute on whether GAF's breach of that hypothetical duty caused the roof's collapse. *Id.*

Luling now moves for reconsideration of both holdings, contending the Court overlooked evidence creating a genuine dispute on duty and breach.[4] GAF opposes.[5]

---

[4] ECF No. 269.
[5] ECF No. 278.

## II. LEGAL STANDARD

The Court evaluates Luling's motion under Federal Rule of Civil Procedure 54(b) because it asks the Court to reconsider an interlocutory decision. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). The order and reasons granting GAF's motion for summary judgment is interlocutory "because it did not end the action . . . ." *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). When the Court granted GAF's motion for summary judgment and dismissed Luling's claims against GAF, Luling had live claims against three other Defendants. So the order and reasons "adjudicate[d] fewer than all the claims [and] the rights and liabilities of fewer than all the parties" to what was then a four-Defendant case. FED. R. CIV. P. 54(b). That Luling has since settled with the three Defendants other than GAF does not transform the Court's interlocutory order into a final one. That is one reason why, after the Court learned of that partial settlement, the Court clarified that it would "not enter a judgment, or issue an order that could be construed as a judgment, until the Court" decides the motion to reconsider.[6]

The Court "is free to reconsider and reverse" the order on GAF's motion for summary judgment "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (quotation and citation omitted). Sections of this Court have said "the precise standard" governing Rule 54(b) motions to reconsider interlocutory orders "is unclear." *Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk,

---

[6] ECF No. 271 at 1.

J.); *accord, e.g., Bernard v. Grefer*, No. 14-CV-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.). What is clear, however, is that Rule 54(b) reconsideration is "within the [Court's] broad discretion." *Koeppel v. Hartford Accident & Indem. Co.*, 608 F. Supp. 3d 398, 402 (E.D. La. 2022) (Vance, J.).

Rule 54(b) reconsideration is "more flexible" and less exacting than Rule 59(e) reconsideration. *See Austin*, 864 F.3d at 337. Even so, the Court "look[s] to similar considerations" under both Rule 54(b) and Rule 59(e). *Koeppel*, 608 F. Supp. 3d at 402 *(*quotation and citations omitted). For example, like a Rule 59(e) motion, a Rule 54(b) motion "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'" *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

## III. ANALYSIS

Luling contends that the Court should reconsider its order and reasons granting summary judgment dismissing Luling's negligence claim because the Court overlooked evidence creating a genuine dispute on both duty and breach.[7]

### A. Duty

On duty, Luling makes two arguments. The Court takes each in turn.

First, Luling contends that the Court overlooked deposition testimony of GAF corporate representative Jeramiah Harris that creates a genuine dispute.[8] Luling submits that Harris testified that "it was reasonable for Luling to believe that GAF had confirmed that One Source installed the roof in accordance with GAF's own

---

[7] ECF No. 269 at 1–2.
[8] ECF No. 269-1 at 1.

5

specifications and in accordance with appropriate roofing practices."[9] Luling reasons that this excerpt of Harris's testimony creates a genuine dispute on whether GAF affirmatively undertook a duty to inspect the roof for Luling's benefit.[10] For its part, GAF rejoins that Luling has not accurately represented Harris's testimony, and GAF underscores that "[t]here is no mention in the testimony of Luling or any duty that GAF undertook to Luling related to the inspection act issue."[11]

> Harris's relevant testimony (with objections removed) is as follows:
>
> Q: You think it's fair the owner could -- should count on their GAF rep noting -- noting things that are not in compliance?
>
> A: They are relying on the contractor to install our application. We are limited to their application rate and our acceptance for guarantee.
>
> Q: When the field service rep is out there looking, don't you think the owner should be able to count on skilled eyes looking at the job and noting things that might be problematic?
>
> A: We are not for quality assurance or quality control. That would be a third-party consultant or a specifier.
>
> . . .
>
> Q: Do you agree with me that an owner ought to be able to expect the GAF rep who's looking at the roof system to note things that are not in compliance with GAF recommendations?
>
> A: Yes. There could be a level of expectation.
>
> Q: Okay. And there should be?
>
> A: Yes.[12]

The Court is not convinced that Harris's testimony about what a hypothetical "owner" could "expect" from a "GAF rep who's looking at the roof system" creates a

---

[9] *Id.* at 5–6.
[10] *Id.*
[11] ECF No. 278 at 6.
[12] ECF No. 149-8 at 11–13.

genuine dispute on the assumption-of-duty question before the Court under Section 324A of the Restatement (Second) of Torts and *Pickard v. Amazon.com, Inc.*, 2023-1596, p. 12–13 (La. 6/28/24); 387 So. 3d 515, 524–25. That question is whether GAF, specifically, affirmatively undertook a duty to Luling, specifically, to conduct a reasonable inspection of the nursing home's roof—for Luling's benefit and beyond the surface inspection contemplated by GAF's leak-proof guarantee—by sending a representative to conduct a surface inspection of the installed roof for GAF's "sole benefit." *See, e.g.*, *Meaux v. Wendy's Int'l, Inc.*, 10-111, p. 9 (La. App. 5 Cir. 10/26/10); 51 So. 3d 778, 784 (explaining that the duty question is whether "*this plaintiff* owe[s] a duty to *this defendant*") (emphasis added); *see also Pickard*, 387 So. 3d at 524 (articulating the standard for assuming a duty under Louisiana law). Harris's testimony does not create a genuine dispute on *that* question. For one, Harris's testimony does not address Luling, specifically. And Luling has not explained how a hypothetical "owner['s]" "expectation[s]" about a GAF representative's surface inspection materially alter the Court's appraisal of either "(1) the scope of GAF's involvement, (2) the extent of GAF's authority, [or] (3) GAF's underlying intent" so as to support imposing the broad inspection duty for which Luling advocates. *St. Charles–Guillot Inv., LLC*, 2025 WL 71877, at *7 (citing *Pickard*, 387 So. 3d at 525).

Next, Luling contends that Harris's testimony conflicts with the language of GAF's leak-proof guarantee and so creates a genuine dispute of material fact.[13] Specifically, Luling submits that the guarantee's statement that any inspection by

---

[13] ECF No. 269-1 at 7–8.

7

GAF would be for GAF's "sole benefit" "is contradicted by the binding testimony of [Harris], who affirmed that it was reasonable for the building owner to expect that GAF's inspection would highlight obvious deficiencies in the roof installation."[14] The Court is not persuaded. Harris's testimony about what a hypothetical "owner" could "expect" from a "GAF rep who's looking at the roof system" does not create a genuine dispute about GAF's underlying intent in performing the inspection. *See St. Charles–Guillot Inv., LLC*, 2025 WL 71877, at *7 (citing *Pickard*, 387 So. 3d at 525).

### B.   Breach

Because the Court adheres to its summary-judgment holding on the assumption-of-duty question, the Court need not consider Luling's arguments on breach. *See Pitre v. La. Tech. Univ.*, 95-1466, p. 9 (La. 5/10/96); 673 So. 2d 585, 590 ("If the plaintiff fails to satisfy one of the elements of duty-risk, the defendant is not liable."). But the Court will consider those arguments for the sake of completeness.

Luling contends that the testimony of Luling expert Gregory Fischer and GAF expert Karl Schaack creates a genuine dispute of material fact.[15] Luling submits that the testimony of Fischer and Schaack "confirms that a surface inspection would have identified the deficiencies that led to the roof's failure."[16] Luling says that "an inspector" could have taken "numerous steps" "during a nondestructive surface inspection to identify the failure points" in the roof, including "ask[ing] for the required core test results," "ask[ing] for the required pull tests results," "go[ing] inside

---

[14] *Id.* at 7 (internal quotation marks omitted).
[15] *Id.* at 8–9.
[16] *Id.* at 8 (alterations omitted).

8

the building," "mov[ing] the gravel guard out of the way to see if the continuous cleat was there," "talking to the owner," and "asking for photographs."[17]

Luling's argument does not convince the Court to reconsider its holding on breach for at least two independent reasons. First, Luling does not identify summary-judgment evidence sufficient to support a finding that any of the "numerous steps" Luling identifies is properly encompassed within a mere "surface inspection" of the installed nursing-home roof. And second, even if the Court assumes for argument's sake only that all of the "steps" Luling identifies are properly encompassed within a mere "surface inspection," Luling does not direct the Court to evidence sufficient to support a finding that GAF could have required One Source Roofing to fix any of the issues Luling says the "numerous steps" would have revealed.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Luling's motion[18] for reconsideration is **DENIED**.

New Orleans, Louisiana, this 28th day of April, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[17] *Id.* at 8–9.
[18] ECF No. 269.

9